**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**SUSAN MARCY, Individually
and as Administratix of the
Estate of JOSEPH A. MARCY,
JR., Deceased.**

                          **Plaintiff,**

                          v.

**1:14-cv-398
(GLS/CFH)**

**ALLEGRO RESORTS
MARKETING, INC. et al.,**

                          **Defendants.**

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:**<br>Anderson, Moschetti Law Firm<br>26 Century Hill Drive<br>Suite 206<br>Latham, NY 12110 | PETER J. MOSCHETTI, JR.,<br>ESQ. |
| **FOR THE DEFENDANTS:**<br>Wilson, Elser Law Firm<br>677 Broadway - 9th Floor<br>Albany, NY 12207-2996 | THERESA B. MARANGAS, ESQ. |
| Cremer, Spina Law Firm<br>One North Frankin Street, 10th Floor<br>Chicago, IL 60606 | JOSHUA D. YEAGER, ESQ.<br>KATHERINE J. BARBER, ESQ.<br>WILLIAM J. CREMER, ESQ. |

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Plaintiff Susan Marcy, individually and as administratrix of the estate of Joseph A. Marcy, Jr. (hereinafter "Joseph"), deceased, commenced this diversity action against defendants Allegro Resorts Marketing, Inc. and Occidental Hotels Management, S.L., alleging state law claims for personal injury stemming from the death of her husband, Joseph. (Compl., Dkt. No. 1, Attach. 1 at 5-9.) Pending are the motions of Allegro and Occidental, which seek dismissal of the complaint for lack of personal jurisdiction, (Dkt. Nos. 5, 18), and Marcy's cross motions seeking, among other things, limited jurisdictional discovery, leave to amend the complaint, and to add parties, (Dkt. Nos. 10, 29). For the reasons that follow, the motions of Allegro and Occidental are denied with leave to renew, and Marcy's cross motions are granted.

## II. Background

**A.    Facts**[1]

On or about March 18, 2013, the Marcys made travel reservations through a Liberty Travel agency located in Saratoga Springs, New York, for a week-long-stay at Occidental Grand Aruba Resort (hereinafter "Occidental Grand") in Palm Beach, Aruba, beginning on May 7, 2013.

---

[1] The facts relevant to Marcy's claims are drawn from the complaint.

2

(Compl. ¶ 7.) While on their scheduled trip, Joseph consumed mislabled salad dressing that caused anaphylatic shock, and, ultimately, his death. (*Id.* ¶¶ 11-14.)

The following information pertains only to whether Allegro is subject to the court's jurisdiction.

1. *Marcy's Allegations*

In her complaint, Marcy alleges that Allegro and Occidental are foreign corporations that regularly conduct business, or engage in other persistent conduct, in New York. (*Id.* ¶ 4.) Marcy further alleges that Allegro and Occidental "owned, operated, managed, supervised, controlled and promoted . . . Occidental Grand," (*id.* ¶ 5), and that Liberty Travel "had tour agreements and/or cooperative marketing agreements with [Allegro and Occidental] to market, book and reserve hotels in the trade name of Occidental Hotels and Resorts, including the Occidental Grand," (*id.* ¶ 8).

2. *Allegro's Evidence*

In support of its motion, Allegro provided the affidavit of Richard Rodriguez, who is its vice president of sales and marketing. (Dkt. No. 5, Attach. 4 ¶ 2.) According to Rodriguez, Allegro is a Florida corporation, with a principal place of business in Miami, Florida, that is not registered or

3

authorized to do business in New York. (*Id.* ¶¶ 3, 5, 16.) Allegro's "business operations are limited . . . to advertising, marketing and otherwise soliciting business in the United States on behalf of 'Occidental' branded hotels and resorts, all of which are located outside of the United States." (*Id.* ¶ 6.) Despite Allegro's business purpose, Occidental advertising and marketing materials are devoid of any mention of Allegro. (*Id.* ¶ 7.) Allegro has no control over Occidental operations. (*Id.* ¶¶ 10-12.) According to Rodriguez, Allegro has virtually no contact with New York state. (*Id.* ¶¶ 17-23.)

### 3. Occidental's Evidence

Occidental has offered the declaration of its managing director Jaime Buxo in support of its motion. (Dkt. No. 18, Attach. 1 at 19-22.) According to Buxo, Occidental is a Spanish corporation with its principal office in Madrid, Spain. (*Id.* ¶¶ 3-4.) Buxo alleges that during the relevant time period, Occidental did not: (1) "own, occupy, or possess . . . Occidental Grand"; (2) "operate, manage, maintain, or otherwise control the day-to-day functions of [Occidental Grand]"; (3) "employ, manage, supervise, or otherwise control the day-to-day operations of any of the management or staff of [Occidental Grand]"; (4) "own, occupy or possess, or operate,

4

manage, maintain, or otherwise control the day to day functions of, the restaurants or any of the food services located at [Occidental Grand]"; (5) "act as an agent for [Occidental Grand]"; and (6) "engage in, or direct, advertising in New York for [Occidental Grand] or any other Occidental branded hotel or resort." (*Id.* ¶¶ 6-8, 10-13.) Buxo also contends that Occidental had no contact with the Marcys, had no New York contacts, and did not derive substantial revenue from within New York. (*Id.* ¶¶ 14-24.)

## B. Procedural History

This action was removed from New York State Supreme Court in Washington County on April 8, 2014. (Dkt. No. 1.) Almost immediately thereafter, Allegro filed the pending pre-answer motion to dismiss for lack of personal jurisdiction. (Dkt. No. 5.) Following a stipulation to extend Occidental's answering time, (Dkt. Nos. 15-17), it made a motion similar to that of Allegro, (Dkt. No. 18).

## III. Standards of Review

## A. Leave to Amend

A party may amend its pleading before trial as a matter of course under certain circumstances and within a certain time frame. *See* Fed. R. Civ. P. 15(a)(1). Even though amendment as of right is unavailable in this

case in light of the timing of Marcy's cross motion seeking leave to amend, which was filed more than twenty-one days after Occidental moved to dismiss under Rule 12(b), (*compare* Dkt. No. 18, *with* Dkt. No. 29), the rule provides that "[t]he court should freely give leave when justice so requires" even in those instances where a party may not amend as of right, Fed. R. Civ. P. 15 (a)(2). Barring "futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party," leave should generally be granted. *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

**B.** **Permissive Joinder**

As for permissive joinder of parties under Rule 20, defendants may be joined "if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The same liberal standard applicable to a motion for leave to amend a pleading governs an application for permissive joinder. *See Jones v. Phelps Corp.*, No. 3:14-cv-84, 2014 WL 2195944, at *3 (N.D.N.Y.

May 22, 2014).

C. <u>**Motion to Dismiss For Lack of Personal Jurisdiction**</u>

When a defendant calls personal jurisdiction into question by invoking Rule 12(b)(2), the plaintiff bears the burden of satisfying the court that it has jurisdiction over the moving defendant. *See MacDermid, Inc. v. Deiter*, 702 F.3d 725, 727 (2d Cir. 2012). In the absence of an evidentiary hearing, the plaintiff's "allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits [and other written materials]." *Id.* (quoting *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993)).

As limited by Marcy's response to the pending motions,[2] the court's jurisdiction is premised upon satisfaction of New York's general jurisdiction statute, *see* N.Y. C.P.L.R. 301—in particular, the corporate presence doctrine or so-called "doing business" test. (Dkt. No. 11 at 7-11; Dkt. No. 30 at 7-11); *see* Siegel, N.Y. Prac. § 82 at 144 (5th ed. 2011). Aside from establishing jurisdiction under the forum state's long arm statute,

---

[2] Notably, in the face of the contentions of Allegro and Occidental that Marcy cannot demonstrate specific jurisdiction pursuant to N.Y. C.P.L.R. 302, (Dkt. No. 5, Attach. 1 at 9-11; Dkt. No. 18, Attach. 2 at 10-11), Marcy makes no argument that specific jurisdiction is established pursuant to that statute.

7

jurisdiction of the defendant must not offend the constitutional guarantee to due process. *See Continental Indus. Grp., Inc. v. Equate Petrochemical Co.*, 586 F. App'x 768, 770 (2d Cir. 2014).

The doing business test is a flexible rule that "is and should be . . . simple [and] pragmatic." *Bryant v. Finnish Nat'l Airline*, 15 N.Y.2d 426, 432 (1965). To show corporate presence in New York, the facts of a particular case must demonstrate that the foreign corporation is actually doing business in the state in such a continuous and systematic way that a finding of jurisdiction is warranted. *See Landoil Res. Corp. v. Alexander & Alexander Servs. Inc.*, 77 N.Y.2d 28, 33 (1990).

Notwithstanding the foregoing, the court is empowered with discretion to permit limited jurisdictional discovery to ferret out information on the jurisdictional issue. *See Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185-86 (2d Cir. 1998). "[P]rior to discovery, a plaintiff challenged by a jurisdiction testing motion may defeat the motion by pleading in good faith legally sufficient allegations of jurisdiction, i.e., by making a *prima facie* showing of jurisdiction." *Id.* at 184 (internal quotation marks and citations omitted).

## IV. Discussion

### A. Amendment and Joinder

As a threshold matter, the court addresses Marcy's cross motion seeking leave to amend and join defendants. (Dkt. No. 29.) Little discussion is warranted, particularly in light of the absence of any opposition to Marcy's request and the liberal standards that govern the request. As outlined above, *see supra* Part III.A-B, the applicable standards of review mandate that Marcy's cross motion be granted to the extent it seeks leave to amend and join defendants. Marcy shall file her amended complaint within seven (7) days of the date of this Memorandum-Decision and Order.

**B.     Personal Jurisdiction**[3]

Turning to the primary bone of contention, Allegro and Occidental assert that they are not subject to personal jurisdiction. (Dkt. No. 5, Attach. 1 at 8-17; Dkt. No. 18, Attach. 2 at 9-18.) In response, Marcy argues that "[t]he only possible way for [her] to adequately respond to [defendants'] motion is to be able to conduct limited discovery on the issue of personal

---

[3] The disposition of Marcy's cross motion seeking amendment/joinder suggests mootness of defendants' motions to dismiss. However, because the only material differences between the original and proposed amended complaints are the addition of two parties—Allegro Palm Beach, N.V. and Village Resorts de Mexico, S.A. de C.V.—and some allegations in support of jurisdiction of those parties, the court deems the motions to dismiss as assailing the amended complaint and reaches the pertinent issue regarding the appropriateness of jurisdictional discovery.

9

jurisdiction." (Dkt. No. 11 at 6; Dkt. No. 30 at 6.) As mentioned above, Marcy cross moved for, among other things, adjournment of defendants' motions, an enlargement of time to respond, and jurisdictional discovery. (Dkt. No. 10; Dkt. No. 29.) As to Marcy's cross motions, defendants, who both recognize that the court has broad discretion to permit jurisdictional discovery, argue that such discovery is improper here because Marcy has not demonstrated a prima facie case of personal jurisdiction. (Dkt. No. 13 at 2-4; Dkt. No. 32 at 2-4.) Because Marcy has alleged a plausible set of facts that make out a prima facie case of jurisdiction, the court denies defendants' motions with leave to renew and grants Marcy's request for jurisdictional discovery.

Put in simple terms, Marcy contends that Allegro and Occidental are alter egos and that they are doing business in New York. (Dkt. No. 11 at 7-11; Dkt. No. 30 at 7-11.) Marcy's contention finds support in *Conley v. MLT, Inc.*, No. 11-11205, 2012 WL 1893509 (E.D. Mich. May 23, 2012), a case in which an out-of-Circuit district court determined that the same defendants named herein "exist[ed] as the same entity for purposes of personal jurisdiction," and that it had personal jurisdiction of those defendants. *Id.* at *4-5. While this court recognizes that *Conley* is not

binding precedent and relied upon legal standards that may be distinct from those applicable here, it nonetheless appreciates Marcy's argument regarding the appropriateness of discovery, particularly in light of the fact that the Second Circuit has specifically endorsed the alter ego theory.  *See, e.g.*, *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 138 (2d Cir. 2010).  In addition to reliance on *Conley*, Marcy provides evidence that tends to support the kinds of arguments that found success there.  Indeed, exhibits to Marcy's motion papers suggest a close relationship between defendants and that they do business in New York.  (Dkt. No. 29, Attachs. 2-11.)

Occidental's argument that jurisdictional discovery should be denied because the owner of the resort itself—Allegro Palm Beach, N.V. (hereinafter "Allegro Palm Beach")—has not been named as a defendant as it was in *Conley*, (Dkt. No. 32 at 3-4), is of no moment now that Marcy's cross motion for joinder of Allegro Palm Beach and Village Resorts de Mexico, S.A. de C.V. has been granted, *see supra* Part IV.A.  As a final note, the court is cognizant of the affidavits of high-ranking officials in both Allegro and Occidental that appear to refute some of the jurisdictional allegations made by Marcy.  (Dkt. No. 5, Attach. 4; Dkt. No. 18, Attach. 1 at

11

19-22.) These affidavits are strewn with legal conclusions, however, and are of limited value. In any event, the court's discretion to permit discovery is triggered merely by the plaintiff's prima facie showing of jurisdiction, which has been made.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Marcy's cross motion for leave to amend the complaint and add parties (Dkt. No. 29) is **GRANTED**; and it is further

**ORDERED** that Marcy shall file her amended complaint within seven (7) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that Marcy's cross motion for jurisdictional discovery (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that Allegro's motion to dismiss (Dkt. No. 5) is **DENIED** with leave to renew; and it is further

**ORDERED** that Occidental's motion to dismiss (Dkt. No. 18) is **DENIED** with leave to renew; and it is further

**ORDERED** that the parties contact Magistrate Judge Christian F. Hummel to schedule further proceedings consistent with this

Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 20, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court